JUSTICE REGNIER
dissenting.
¶37 I respectfully dissent from the majority opinion which holds that that part of § 61-8-303(1), MCA, which makes it a criminal offense to operate a motor vehicle “at a rate of speed ... greater than is reasonable and proper under the conditions existing at the point of operation” is void for vagueness on its face and is in violation of the Due Process Clause found at Article II, Section 17, of the Montana Constitution.
¶38 When considering a constitutional challenge to a statute for vagueness, we must first determine whether the enactment reaches *203 any constitutionally protected conduct. See State v. Lilburn (1994), 265 Mont. 258, 270, 875 P.2d 1036, 1044. Next, “if the challenged statute is reasonably clear in its application to the conduct of the person bringing the challenge, it cannot be stricken on its face for vagueness.” Lilburn, 265 Mont. at 270, 875 P.2d at 1044 (citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc. (1982), 455 U.S. 489, 494-95, 102 S. Ct. 1186, 1190-91, 71 L. Ed. 2d 362, 369). “One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.”Parker v. Levy (1974), 417 U.S. 733, 756, 94 S. Ct. 2547, 2562, 41 L. Ed. 2d 439, 458. In applying this analysis to the matter before us, it is clear Stanko must have standing to make this challenge.
¶39 The arresting officer described in detail the roadway where Stanko was operating his vehicle at 85 miles per hour. The roadway was very narrow with no shoulders. There were frost heaves on the road which caused the officer’s vehicle to bounce. The highway had steep hills, sharp curves, and multiple no-passing zones. There were numerous ranch and field access roads in the area which ranchers use for bringing hay to their cattle. The officer testified that at 85 miles per hour, there was no way for Stanko to stop in the event there had been an obstruction on the road beyond the crest of a hill. In the officer’s judgment, driving a vehicle at the speed of 85 miles per hour on the stretch of road in question posed a danger to the rest of the driving public.
¶40 In my view, Stanko’s speed on the roadway where he was arrested clearly falls within the behavior proscribed by the statute. Operating a vehicle at 85 miles per hour on a two-lane highway with frost heaves, steep hills, and curves, where farm vehicles may unexpectedly appear, is not reasonable and proper under the conditions. Therefore, I conclude that Stanko has no standing to attack the facial validity of this statute.
JUSTICE GRAY joins in the foregoing dissenting opinion.